UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JOSE ORTIZ,                                   Case No.

    Plaintiff,                                 Hon.

v.

BANK OF TEXAS,

    Defendant.

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
RESPONSE TO SUBPOENA TO BANK OF TEXAS**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... ii

STATEMENT OF JURISDICTION............................................................................................. iv

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................... 2

      A.    Nelms' Fraudulent Scheme ................................................................................... 2

      B.    Ortiz's Claims Against Nelms ............................................................................... 3

      C.    Ortiz's Attempts to Obtain Discovery ................................................................... 4

III.  LAW AND ARGUMENT ................................................................................................. 5

      A.    Governing Legal Standards ................................................................................... 5

      B.    The Bank of Texas Should be Ordered to Produce the Documents
          Requested by Ortiz Pursuant to His Subpoena .................................................... 7

IV.   CONCLUSION ................................................................................................................ 10

CERTIFICATE OF SERVICE ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Andra Grp., LC v. JDA Software Grp., Inc.*, 312 F.R.D. 444 (N.D. Tex. 2015) ........................ 8, 9

*British Int'l. Ins. Ltd. v. Seguras La Republica, S.A.*, 200 F.R.D. 586 (W.D. Tex. 2000 .......... 8, 9

*CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. 2017) ...................................................... 6

*Edelson, P.C. v. Bandas Law Firm, P.C.*, No. 2:18-MC-980, 2018 WL 6588436 (S.D. Tex. Dec. 18, 2018) ................................................................................................................................. 8

*Jacquez v. Compass Bank*, No. EP-15-cv-26-RFC, 2015 WL 11529918 (W.D. Tex. December 17, 2015) ...................................................................................................................... 9

*MetroPCS v. Thomas*, 327 F.R.D. 600 (N.D. Tex. 2018) ........................................................... 7, 9

*Monsanto Company v. David*, No. 4:04-cv-00425, unpublished order of the United States District Court for the Eastern District of Missouri (March 2, 2005) ................................. 8

*Poindexter v. Bonsukan*, 145 F. Supp. 2d 800 (E.D. Tex. 2001) ..................................................... 8

*Tavernini v. Bank of America, N.A.*, No. 4:12-cv-420, 2014 WL 12639116 (E.D. Tex. June 17, 2014) ......................................................................................................................................... 9

**Statutes**

15 U.S.C. § 78J ................................................................................................................................. 4

MCL § 421.2501 ............................................................................................................................... 4

MCL § 451.2301 ............................................................................................................................... 4

**Other Authorities**

8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2005 (Supp. 2000) ................................................................................................................................................. 8

*The Sedona Conference Commentary on Non-Party Production & Rule 45 Subpoenas*, 9 Sedona Conf. J. 197 (2008) .............................................................................................................. 8

**Rules**

Fed. R. Civ. P. 1 ................................................................................................................................ 6

Fed. R. Civ. P. 26(b)(1) ..................................................................................................................... 5

Fed. R. Civ. P. 45 .............................................................................................................................. 1

Fed. R. Civ. P. 45(a)(1)(D ........................................................................................................ 6

Fed. R. Civ. P. 45(d)(2)(B) ....................................................................................................... 7

Fed. R. Civ. P. 45(f) .............................................................................................................. 6, 7

Fed. R. Civ. P. 45(g) ................................................................................................................. 6

**<u>Regulations</u>**

17 C.F.R. § 240.10B-5 ............................................................................................................. 4

## STATEMENT OF JURISDICTION

Under Fed. R. Civ. P. 45(c), the place of compliance for a subpoena for production of documents is a place "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Furthermore, after receiving an objection to a subpoena to produce documents, the requesting party "may move the court for the district where compliance is required for an order compelling production or inspection." Bank of Texas's corporate headquarters is located at 777 Main Street, Suite 3500, Fort Worth, TX 76102. This Court is thus the court of compliance under Rule 45.

**I.      INTRODUCTION**

Using the fake name "Ian," Robert Nelms posed as an investment manager and offered investment opportunities to Jose Ortiz, promising him a 17-percent return. Nelms' scheme worked; Ortiz turned over his hard-earned retirement savings to an account Nelms controlled, which Ortiz believed would be used to fund the investments and ultimately provide him a 17-percent return, as Nelms had promised. Then, instead of investing Ortiz's funds, Nelms pocketed them and used them for personal and business expenses.

Ortiz filed an action in the Federal District Court for the Western District of Michigan, Civil Action No. 1:21-cv-00495, to recover his investment funds and other related damages. Documents independently obtained by Ortiz from third parties thus far reveal that Nelms' theft of Ortiz's funds occurred over a period of several years, through a series of complex financial transactions involving multiple accounts at financial institutions located in multiple states, using business entities controlled by Nelms as fronts to conceal and legitimize Nelms' fraud. In an effort to continue gathering information related to these transactions, Plaintiff served a subpoena, pursuant to Federal Rule of Civil Procedure 45, on the Bank of Texas. See **Subpoena to Bank of Texas**, **Exhibit A**. The Subpoena requested copies of certain monthly statements of accounts at Bank of Texas connected to Nelms and entities held by Nelms. Ex. A.

Nelms' attempts to fraudulently conceal his theft of Ortiz's funds continues to the present. Throughout the course of the litigation, Nelms has consistently obstructed discovery by refusing to provide key information and documents. Now, because Mr. Nelms has refused to consent to release his account statements related to his Bank of Texas accounts, the Bank of Texas has adopted the position that it will not produce the documents requested in Ortiz's subpoena absent a court order. This is so despite the fact that neither Nelms nor the Bank of Texas has provided any

objections to Ortiz's subpoena and no motion to quash the subpoena has been filed. Ortiz is therefore forced to bring this motion seeking an order compelling the Bank of Texas to produce the documents responsive to Ortiz's subpoena.

## II. BACKGROUND

### A. NELMS' FRAUDULENT SCHEME.

Nelms' fraudulent scheme involved posing as an investment advisor under the name "Ian" and selling alleged investment opportunities to Ortiz in Holland, Michigan. **Plaintiff's Complaint**, **Exhibit B** at ¶¶ 9-10. "In 2015, Nelms, using the name 'Ian' and posing as an investment advisor, came to Ortiz with an alleged investment opportunity." *Id.* at ¶ 13. "At the time, both Nelms and Ortiz were living in Michigan." *Id.* at ¶ 14. "Nelms offered and sold Ortiz investment contract securities in Michigan for MGMC, LP." *Id.* at ¶ 15.

Nelms attempted to legitimize this offering and sale with a "Subscription Agreement" and "Private Offering" document, both of which are attached to Ortiz's Complaint as Exhibits 1 and 2, respectively. "Much of the information Nelms presented in the Subscription Agreement and the MGMC, LP Private Offering proved to be fabricated." Ex. B at ¶ 26.

After obtaining Ortiz's signature on his fabricated Subscription Agreement, Nelms advised Ortiz to transfer his retirement savings into an IRA self-directed account with "Advanta Trust, 13191 Starkey Rd. Suite 2 Largo, FL 33773." Ex. B. at ¶ 16. "Nelms explained that if Ortiz transferred his savings into the IRA self-directed account, Nelms could then control when and where to move the money around as Ortiz's investment manager." *Id.* at ¶ 17. "Additionally, Nelms promised Ortiz a 17-percent return on his investment." *Id.* at ¶ 18. "Based on Nelms' representations, Ortiz invested his retirement savings of over $235,000 with Nelms." *Id.* at ¶ 19.

2

"Subsequently, Ortiz grew concerned about Nelms' investment practices, as he had not received any statements regarding his accounts or reports on earnings or losses from Nelms." *Id.* at ¶ 20. "When Ortiz confronted Nelms about the status of his investments, Nelms explained to Ortiz that he had allegedly invested the funds in forest land in Virginia." *Id.* at ¶ 21. "Ortiz requested proof of such investment and Nelms assured him that he would be sending a written proposal prepared by an unnamed timber company shortly." *Id.* at ¶ 22. Nelms never provided Ortiz with any such documentation. *Id.* at ¶ 23.

For the first time in late June or early July 2019, Ortiz discovered that the funds he had invested with Nelms were gone. *Id.* at ¶ 24. Nelms illegally took Ortiz's funds to an account with the Bank of Texas for his personal use and business expenses. *Id.* at ¶ 35. During the parties' relationship, Nelms never disclosed to Ortiz that he had a criminal history involving several felony convictions. *Id.* at ¶ 32. Further, Nelms omitted to tell Ortiz that he was not registered in any capacity under the Securities Act in Michigan. *Id.* at ¶ 33.

    **B.**    <u>**ORTIZ'S CLAIMS AGAINST NELMS.**</u>

Ortiz's Complaint brings nine claims against Nelms. Ex. B at ¶¶ 37-91. Count I is a claim for breach of contract based on the parties' agreement that Nelms would manage and invest Ortiz's funds and provide him with at least a 17% return. *Id.* at ¶¶ 37-43. Count II is a fraud claim for the series of misrepresentations and omissions Nelms propounded on Ortiz to conceal his illicit actions and to steal Ortiz's funds. *Id.* at ¶¶ 44-50. Counts III-V are conversion and embezzlement claims based on Nelms' theft of Ortiz's funds. *Id.* at ¶¶ 51-65. Count VI is a breach of fiduciary duty claim related to Nelms' breaches of multiple fiduciary duties he owed Ortiz as Ortiz's purported investment advisor and manager. *Id.* at ¶¶ 66-70. Count VII is a claim for fraud or deceit in the sale of security in violation of Section 10(B) of the Securities and Exchange Act of

1934, 15 U.S.C. § 78J, and Rule 10B-5, 17 C.F.R. § 240.10B-5. *Id.* at ¶¶ 71-78. Count VIII is a claim for fraud or deceit in the sale of security in violation of Michigan's Uniform Securities Act, MCL § 421.2501. *Id.* at ¶¶ 79-86. Finally, Count IX is a claim for sale of unregistered securities in violation of Michigan's Uniform Securities Act, MCL § 451.2301.[1] *Id.* at ¶¶ 87-91.

After answering Ortiz's Complaint on three separate occasions, Nelms moved for judgment on the pleadings and/or for summary judgment. The Western District of Michigan denied Nelms' motion in its entirety, except Count IX of Ortiz's Complaint, which Ortiz stipulated to dismiss. The court ordered the parties to proceed with discovery on Ortiz's claims.

    **C.**    **ORTIZ'S ATTEMPTS TO OBTAIN DISCOVERY.**

Consistent with the allegations set forth in Ortiz's Complaint, documents independently obtained by Ortiz from third parties thus far reveal that Nelms' theft of Ortiz's funds occurred over a period of several years, through a series of complex financial transactions involving multiple accounts at financial institutions located in multiple states, using Nelms' business entities as fronts in an attempt to conceal and legitimize Nelms' fraud.

On January 27, 2022, Ortiz served a subpoena to Bank of Texas requiring the production of documents. Ex. A. The documents to be produced are monthly account statements, transaction records, and signature cards for Nelms and entities he owns and controls with accounts held at Bank of Texas, as well as accounts related to Herbert Biddle, one of Nelms' prior associates. *Id.* Previously, the Bank of Texas produced some documents relating to Herbert Biddle's accounts because he consented to production of those documents.

On February 2, 2022 general counsel for Bank of Texas responded to Ortiz's subpoena via letter. **02/2/2022 E-mail and Letter**, **Exhibit C**. General counsel's letter stated that, because the

---

[1] Ortiz previously stipulated to the dismissal of Count IX of his Complaint.

4

subpoena was directed to a non-party and required compliance in the State of Texas, Plaintiff's subpoena needed to conform to the requirements of Section 59.006 of the Texas Finance Code. *Id.*

On February 3, 2022, counsel for Ortiz e-mailed counsel for Bank of Texas citations to authority holding that the Texas Finance Code is not applicable to discovery in federal cases. **02/03/2022 E-mail**, **Exhibit D**. Later that day, counsel for Bank of Texas responded with citations to authority that he contended "cloud[ed] the exclusive applicability for the Federal Rules of Civil Procedure over Section 59.006."

On February 21, 2022, Bank of Texas's counsel notified counsel for Ortiz that Nelms would not consent to the release of the records requested by Ortiz's subpoena. **02/21/2022 E-mail**, **Exhibit E**. On February 22, 2022, Bank of Texas's counsel again reiterated that "Bank of Texas can't be in a position of producing documents when its customers will not consent even though no legal basis was provided." **02/22/2022 E-mail**, **Exhibit F**. Counsel for Bank of Texas stated that it would "require clarification from the Court on this issue." *Id.* To-date, no objections have been served to the Bank of Texas subpoena and neither Nelms nor the Bank of Texas has filed any motion seeking to quash the subpoena. Counsel for the Bank of Texas has confirmed that it does not oppose production of the documents, but that it needs clarification from the Court that it can do so without Defendant Robert Nelms' consent. **Exhibit H**, 3/18/2022 Email.

### III.  LAW AND ARGUMENT

#### A.  GOVERNING LEGAL STANDARDS

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any non-privileged matter relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* Moreover,

5

the discovery rules, like all of the Rules of Civil Procedure, must "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Rule 45 further permits a party to issue to a person a "command in a subpoena to produce documents, electronically stored information, or tangible things." Fed. R. Civ. P. 45(a)(1)(D). The Committee Notes on Rules of the 2013 Amendment further clarify that, under Rule 45(a)(1)(D), "'person' is substituted for 'party' because the subpoena may be directed may be directed to a nonparty." This Court has held that the "compliance court," for motions relating Rule 45(d)(2) or (d)(3) "is determined by the location or 'place' for compliance" that is set forth in Rule 45(c)(2)(A) as "within 100 miles of where the person [to whom the subpoena is directed] resides, is employed, or regularly transacts business in person." *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 709-10 (N.D. Tex. 2017).

The compliance court is authorized under Rule 45(f) to transfer a subpoena-related motion back to the issuing court "if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f); *CSS, Inc.*, 354 F. Supp. 3d at 707 ("Where the person subject to the subpoena consents to transfer, a party seeking transfer need not show—and the Court need not find—extraordinary circumstances under Rule 45(f)."). Additionally, Rule 45(g) allows the compliance court—as well as the issuing court, after transfer of the motion—to hold a person who "fails without adequate excuse to obey the subpoena" in contempt. Fed. R. Civ. P. 45(g).

The Bank of Texas itself does not oppose production of the documents at issue. **Exhibit H**, 3/18/2022 Email. But it has adopted the position that, to produce documents in connection with Plaintiff's Rule 45 subpoena, it needs consent from Nelms under Texas Finance Code Section 59.006. *See id.* For the reasons set forth below, and for reasons already provided to counsel for Bank of Texas, the Texas Finance Code does not apply to federal discovery matters. Ortiz has

6

attempted in good faith to resolve this matter without court intervention, but Bank of Texas has refused to comply despite being provided with pertinent case law directly contrary to the Bank's position. Ortiz respectfully requests that this Court enter an Order compelling Bank of Texas to produce the documents requested in Attachment A to Plaintiff's subpoena. Additionally, and in the alternative, Ortiz respectfully requests that this Motion be transferred to the Western District of Michigan under Fed. R. Civ. P. 45(f).

      **B.**    **THE BANK OF TEXAS SHOULD BE ORDERED TO PRODUCE THE DOCUMENTS REQUESTED BY ORTIZ PURSUANT TO HIS SUBPOENA.**

Federal Rule of Civil Procedure 45 permits a person to whom a subpoena is directed to serve upon the requesting party a written objection to some or all of the information sought. *See* Fed. R. Civ. P. 45(d)(2)(B). Any objection must be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." *Id.* Furthermore, under Rule 45(e)(2)(A), in order to claim a privilege or protection with regard to subpoenaed information, a person asserting a privilege must "(i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." Any objections not timely served on the party seeking discovery or the failure to file a timely motion to quash results in the non-party's waiver of such objections. *See MetroPCS v. Thomas*, 327 F.R.D. 600, 607-08 (N.D. Tex. 2018). Here, no objections to Ortiz's subpoena to the Bank of Texas have been served. Moreover, no motion seeking to quash the subpoena has been filed by anyone.

Texas Finance Code Section 59.006 is not a proper ground for objection to a discovery subpoena in federal court. As a general rule, "discovery is a procedural matter governed in federal court by the Federal Rules of Civil Procedure and not by state discovery practice." *Poindexter v.*

7

*Bonsukan*, 145 F. Supp. 2d 800, 803 (E.D. Tex. 2001) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2005 (Supp. 2000)).

Federal district courts in Texas have expressly held that Section 59.006 "does not create a right of privilege or privacy." *British Int'l. Ins. Ltd. v. Seguras La Republica, S.A.*, 200 F.R.D. 586, 594 (W.D. Tex. 2000). Indeed, the Texas Finance Code does not "take precedence over federal discovery rules which address . . . compliance with subpoenas." *Id.* See also *Edelson, P.C. v. Bandas Law Firm, P.C.*, No. 2:18-MC-980, 2018 WL 6588436 (S.D. Tex. Dec. 18, 2018)[2] (citing *British Int'l.* in holding that Section 59.006 of the Texas Financial Code was not a ground upon which the district court could grant a third-party's motion to quash); *Monsanto Company v. David*, No. 4:04-cv-00425 at p. 2, unpublished order of the United States District Court for the Eastern District of Missouri (March 2, 2005) (denying defendant's motion to quash production of documents to Wells Fargo Bank and noting that the Texas Finance Code is state law and thus "inapplicable" because the action "pertain[ed] to federal law").

Finally, an entity's status as a third-party to the litigation does not excuse or undermine a subpoenaed person's obligations to comply with discovery procedures under the Federal Rules. *See Andra Grp., LC v. JDA Software Grp., Inc.*, 312 F.R.D. 444, 450 (N.D. Tex. 2015). Upon the issuance of a subpoena, a non-party must "participate in transparent and collaborative discovery." *Id.* (quoting The Sedona Conference, *The Sedona Conference Commentary on Non-Party Production & Rule 45 Subpoenas*, 9 Sedona Conf. J. 197, 198-99 (2008)).

Bank of Texas's reliance on Texas Finance Code Section 59.006 is mistaken. Section 59.006 is inapposite to discovery matters under the Federal Rules of Civil Procedure. Texas courts have consistently and unambiguously held that the Federal Rules of Civil Procedure govern

---

[2] Unpublished cases cited by Plaintiff are attached as **Exhibit G**.

compliance with discovery subpoenas in federal court. *See, e.g.*, *British Int'l.* Bank of Texas asserts the requirements of Section 59.006—which, as demonstrated by case law, are inapplicable—as its sole basis for objecting to Plaintiff's requests for monthly account statements of specific named individuals. Therefore, Bank of Texas has waived any further objections to Plaintiff's subpoena. *MetroPCS*, 327 F.R.D. at 607-08.

The two cases that Bank of Texas contend "cloud the exclusively applicability for the Federal Rules of Civil Procedure over Section 59.006" do no such thing. The Eastern District's application of Section 59.006 in *Tavernini v. Bank of America, N.A.*, No. 4:12-cv-420, 2014 WL 12639116 at *3 (E.D. Tex. June 17, 2014), was purely procedural. Indeed, the Eastern District's reliance on Section 59.006 was properly cabined to the calculation of costs for reproducing records—costs that the non-party would have already been entitled to under federal statute and Fifth Circuit precedent. In *Jacquez*, the Western District did not reach the issue of whether Section 59.006 was a proper ground for objecting to a subpoena directed to a non-party for production of documents because <u>there had been no relevant subpoena issued</u>. *Jacquez v. Compass Bank*, No. EP-15-cv-26-RFC, 2015 WL 11529918 at *4 (W.D. Tex. December 17, 2015). Neither case recognized a privilege under Section 59.006 and neither case held that the Code superseded any federal discovery rule.

Even though it is not a party to the litigation pending in the Western District of Michigan, Bank of Texas nevertheless has an obligation to participate transparently and collaboratively in discovery. *See Andra Grp., LC*, 312 F.R.D.at 450. Ortiz has requested documents that the Bank of Texas is obligated under the Federal Rules of Civil Procedure—and the underlying policy of facilitating meaningful discovery—to produce. The sole basis for Bank of Texas's privilege is a

procedural state statute inapplicable to federal discovery matters and insufficient to create any claim of privilege. Ortiz's motion to compel should be granted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Jose Ortiz respectfully requests that this Court enter an order compelling the Bank of Texas to comply with Ortiz's subpoena. Alternatively, Ortiz requests that this Court enter an order transferring this motion and related matters to the jurisdiction of the Federal District Court for the Western District of Michigan as the issuing court, pursuant to Rule 45(f).

Respectfully submitted,

VARNUM LLP
Attorneys for Plaintiff

Dated: March 18, 2022        By: */s/ Jon M. Bylsma*
            Jon M. Bylsma (P48790MI)
         Business Address:
            333 Bridge Street, N.W., Suite 1700
            P.O. Box 352
            Grand Rapids, MI 49501-0352
            (616) 336-6000
            jmbylsma@varnumlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send the notification of such filing to counsel of record.

By:   */s/ Jon M. Bylsma*
       Jon M/ Bylsma (P48790MI)

19272372.1